STATE EX REL. CHANDLER *v.* CIRCUIT COURT OF
MARION COUNTY, NIBLACK, JUDGE.

[No. 30,666. Filed November 4, 1965.]

*Briggs, Berner, Sommer & Tinkham,* of Indianapolis, for relator.

*John L. Niblack, pro se.*

*Henry M. Coombs,* of Indianapolis, for respondents.

JACKSON, C. J.—This matter comes to us by way of Petition for Writ of Prohibition and Mandate. The proceedings now before us arose by reason of the institution of an action against relator brought in March 1959, pursuant to the Reciprocal Support of Defendants Law, ch. 224, Acts Indiana General Assembly of 1951 as amended, and being cause No. C59-80397 on the dockets of the respondent court. The petition filed consists of fifteen rhetorical paragraphs, several of which are in turn broken down into sub-paragraphs and has appended thereto exhibits A through M.

We issued a temporary writ restraining respondents from proceeding further or exercising jurisdiction in said cause No. C59-80397, and further ordered respondents to show cause on or before October 26, 1964, why the writ should not be made permanent.

In compliance with such mandate respondents filed their answer to the writ. Such answer consists of fourteen (14) rhetorical paragraphs, was accompanied by a memorandum in support thereof buttressed by exhibits.

For the purpose of disposing of the issues herein, we need concern ourselves only with paragraphs three (3) to seven (7) of respondents' answer to the writ. In substance such paragraphs allege that on September 29, 1964, relator filed in respondent court a petition to dissolve all proceedings subsequent to the filing of the original complaint herein and that relator on October 5, 1964, without giving respondent an opportunity to rule on his said petition and without attempting to have a hearing thereon, by or in respondent court, filed his petition for a writ herein. Paragraph seven (7) of the answer alleges that it deems relator's petition premature under Rule 2-35 of this court.

We are of the opinion the answer to the temporary writ is sufficient to show that the same was improvidently issued without having given respondent court the opportunity of hearing and determining the issues raised by relator's petition of September 29, 1964.

The temporary writ heretofore issued October 5, 1964, is dissolved, the permanent writ denied and the cause is remanded to respondent court with instructions to hold a hearing on the petition filed by relator on September 29, 1964.

Myers, and Landis, JJ., concur. Arterburn, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 157.